OPINION OF THE COURT
Memorandum.
The order appealed from should be reversed, with costs, and the judgment of Supreme Court, New York County, should be reinstated. By written contract, plaintiff agreed to purchase the property in question subject to all zoning regulations and ordinances. Several months prior to the date the parties entered into the contract of sale, a zoning ordinance was adopted by the Village of Lake Success limiting vehicular access to the area in which the property is located. Having agreed to take subject to such extant ordinances, plaintiff may not now argue that defendant’s promise to provide insurable title was in some way violated solely because of the title insurance company’s refusal to insure that very right of ingress and egress which was limited by the ordinance.
In light of our resolution of this issue, we need not and *711 accordingly do not reach the other issues argued by the parties. We note, however, that nothing in the record indicates that the term "vehicular access” is necessarily related to the placement of curb cuts.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.